# 95 DTA 16

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE PONCE

**LUIS CINTRON Y WILLIAM CINTRON RIVERA**
Demandantes-Apelantes

v.

**E.L.A. DE PUERTO RICO Y OTROS,**
**Y LCDO. VICTOR M. PADILLA SANTIAGO**
Demandados-Apelados

Núm. KLAN-95-00065

San Juan, Puerto Rico, a 28 de febrero de 1995

Panel integrado por su presidente, Juez Brau Ramírez,
y los Jueces Amadeo Murga y Rodríguez Maldonado

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El presente recurso de apelación fue presentado el 16 de febrero de 1995. Se apela de una sentencia proveniente del Tribunal Superior, Sala de Aibonito, emitida el 27 de octubre de 1994 y archivada en autos copia de su notificación el 2 de noviembre del mismo año. En la misma se declaró sin lugar demanda por daños y perjuicios presentada por los apelantes Luis Cintrón y William Cintrón Rivera por la negligencia en los servicios rendidos por los apelados Estado Libre Asociado de Puerto Rico y otros.

El artículo 4.002 sección (a) de la Ley de la Judicatura de 1994 le confirió competencia a este Tribunal para entender en la presente apelación. Conforme la Regla 4(a) de las Reglas de Transición sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones se tramitará el mismo bajo las disposiciones pertinentes al recurso de revisión de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, y del anterior Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. 1-A (Ed. 1994).

Surge del recurso que el 11 de noviembre de 1994 se solicitó determinaciones de hechos adicionales y se declaró sin lugar dicha solicitud por resolución de 22 de noviembre de 1994, archivada en autos copia de su notificación el 6 de diciembre de 1994. Posteriormente, el 16 de diciembre de 1994, se radicó una segunda Moción Solicitando Determinaciones de Hechos Adicionales en la cual se señaló que *"las [d]eterminaciones de [h]echos [a]dicionales que se solicitan en este escrito no estaban incluidas en la primera Moción Solicitando Hechos Adicionales"*.

La Regla 43.3 de las de Procedimiento Civil, *supra*, dispone un término fatal de 10 días posterior al archivo en autos de la notificación de la sentencia para solicitar determinaciones de hechos adicionales. Conforme la Regla 43.4 de las citadas reglas dicha solicitud interrumpe el término para apelar hasta que se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas. Sin embargo las reglas no disponen para una segunda solicitud de determinaciones de hechos adicionales, por lo que dicha solicitud no interrumpe el término para apelar de una sentencia. Habiendo transcurrido en exceso del

término de 30 días dispuesto en la Regla 53.1(b) de las de Procedimiento Civil, desde el archivo en autos de la notificación de la resolución denegatoria de la primera solicitud de determinaciones de hechos adicionales, el presente recurso fue presentado fuera de término.

Por los fundamentos expresados se desestima la presente a apelación por falta de jurisdicción.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General